BROWNSTEIN HYATT FARBER SCHRECK, LLP
TRAVIS F. CHANCE, Bar No. 303566
tchance@bhfs.com
EMILY DYER, Bar No. 321707
edyer@bhfs.com
2049 Century Park East, Suite 3550
Los Angeles, California 90067-3007
Telephone:   310.500.4600
Facsimile:    310.500.4602

Attorneys for Movant
AREA 15 LAS VEGAS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENAS TO LISA JARAMILLO, AND GEORGE JARAMILLO, I | CASE NO.:   8:23-mc-0004 |
| | Underlying Litigation: Case No. 2:21-cv-00891-RFB-BNW United States District Court District of Nevada |
| GEORGE JARAMILLO, II, an individual, | |
| Plaintiff, | **[DISCOVERY MATTER]** |
| v. | **AREA 15 LAS VEGAS LLC'S NOTICE OF MOTION AND MOTION:** |
| AREA 15 LAS VEGAS LLC, a Delaware Limited Liability Company, AREA 15 GLOBAL LLC, a Delaware Limited Liability Company, ARNOLD FISHER, an Individual, KENNETH FISHER, an Individual, STEVEN FISHER, an Individual, WINSTON FISHER, an Individual, FISHER BROTHERS MANAGEMENT CO. LLC, a New York Limited Liability Company, FISHER BROTHERS FINANCIAL AND DEVELOPMENT COMPANY LLC, a New York Limited Liability Company, and DOES 1-50 Inclusive | **(1) TO ENFORCE SUBPOENAS *DUCES TECUM* IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO;** |
| | **(2) FOR AN ORDER TO SHOW CAUSE AS TO WHY THE JARAMILLOS SHOULD NOT BE HELD IN CONTEMPT UNDER FRCP 45(g); AND,** |
| | **(3) TO TRANSFER THIS SUBPOENA-RELATED MOTION TO THE DISTRICT OF NEVADA** |
| Defendants. | Judge:                 TBD Hearing Date:     TBD Hearing Time:      TBD Courtroom:          TBD |

CASE NO. 8:23:mc-0004

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND ANY ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 31, 2023 Movant Area 15 Las Vegas LLC ("**Area 15 LV**") moves the United States District Court for the Central District of California, located at 411 W. 4th Street, Santa Ana, California, for an order seeking the seeking three specific types of relief ("**Motion**").

First, Area 15 LV moves to enforce two subpoenas *duces tecum* ("Subpoenas"): one served on George Jaramillo, I ("**Mr. Jaramillo**") and one served on Lisa Jaramillo ("**Mrs. Jaramillo**") (collectively, "**the Jaramillos**"). The Subpoenas were served under Federal Rule of Civil Procedure ("**FRCP**") 45 and were issued in connection with the matter *George Jaramillo, II v. Area 15 Las Vegas, LLC et al.*, Case No. 2:21-cv-00891-RFB-BNW ("**Underlying Litigation**"), currently pending in the United States District Court for the District of Nevada ("**Nevada District Court**").

Second, a subpoena is a court order. The Jaramillos are not typical laypersons: Mrs. Jaramillo is a legal assistant and Mr. Jaramillo is a disbarred California attorney, with significant litigation experience, still working at a law firm. With this professional experience, the Jaramillos should understand the obligations of FRCP 45. But they have ignored their obligations by failing to either comply with or object to the Subpoenas. The deadlines for either action have expired. Thus, Area 15 LV moves for an order requiring the Jaramillos to show cause as to why they should not be held in contempt for disregarding court orders, the Subpoenas, under FRCP 45(g).

Third, Area 15 LV moves to transfer this Motion to the Nevada District Court, where a related motion to compel discovery ("**Nevada Motion to Compel**") from the plaintiff in that case, George Jaramillo, II ("**Jaramillo Jr.**"), is pending in the Underlying Litigation. The Nevada Motion to Compel concerns, in large part, Jaramillo Jr.'s blanket, nonspecific, and improper assertions of attorney-client and

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

work-product privileges over communications and documents exchanged with his parents, the Jaramillos, at any time—including those exchanged **prior** to contemplating the Underlying Litigation or retaining counsel. The privilege dispute, which is anticipated to be raised in opposition hereto, remains a live and pending dispute to be adjudicated by the Nevada District Court, set for hearing on March 9, 2023. The dispute should be resolved there given the Nevada District Court's familiarity with the Underlying Litigation and to ensure consistency of decisions on the significant privilege issue.

For the reasons below, Area 15 LV requests that this Court first grant the request to transfer this Motion to the Nevada District Court to allow the Motion to be adjudicated alongside the related and overlapping Nevada Motion to Compel. Further, regardless of which District Court adjudicates the Motion, the Court should enter an order: (1) enforcing the Jaramillos' obligation to comply with the Subpoenas within ten days of the entry of the order; and (2) requiring the Jaramillos to show cause why they should not be held in contempt for their failure to either comply with or object to the Subpoenas.

This Motion is based on the following memorandum of points and authorities, the exhibits attached here, the declaration of Travis F. Chance, Esq. ("**Exhibit 1**"), and any argument of counsel on the Motion that this Court may hear. Because this Motion is brought against unrepresented non-parties to the Underlying Litigation, L.R. 7-3 and 45-1 do not require a pre-filing conference.

DATED this 31st day of January, 2023.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: _/s/ Travis F. Chance_
TRAVIS F. CHANCE
EMILY L. DYER
Attorneys for Movant,
AREA 15 LAS VEGAS LLC

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ................................... 3

    A.    Jaramillo Jr. Initiates the Underlying Litigation in Nevada ................ 3

    B.    Jaramillo Jr. Stonewalls Area 15 LV's Discovery Efforts .................. 4

    C.    Area 15 LV Issues Non-Party Subpoenas, Including the
        Subpoenas to the Jaramillos ............................................................ 7

    D.    Jaramillo Jr. Opposed Only the Initial Subpoenas ........................... 11

    E.    Neither the Jaramillos nor Jaramillo Jr. Have Opposed the At-
        Issue Subpoenas Despite Having Notice or Personal Service ........... 12

III.    ARGUMENT ................................................................................... 13

    A.    Good Cause Exists To Excuse Area 15 LV From Any Further
        Meet and Confer with Jaramillo Jr. ................................................ 14

    B.    This Court Should Transfer This Motion To The District Of
        Nevada ......................................................................................... 15

    C.    The Motion Should Be Granted Because the Time for the
        Jaramillos to Comply or Object Has Passed, the Subpoenas are
        Valid, and the Information Sought Is Not Privileged ........................ 16

        1.  FRCP 45 Legal Standard .......................................................... 16

        2.  The Jaramillos failed to timely object to or comply
            with the Subpoenas .............................................................. 18

        3.  The Subpoenas are valid .......................................................... 19

        4.  The information sought via the Subpoenas is not privileged ........ 19

    D.    The Court Should Order the Jaramillos to Show Cause For Why
        They Should Not Be Held in Contempt ........................................... 23

IV.     CONCLUSION ............................................................................... 23

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

i

CASE NO. 8:23:mc-0004

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*,
    408 F.3d 1142 (9th Cir. 2005) ............................................................................... 21

*In re DG Acquisition Corp.*,
    151 F.3d 75 (2d Cir. 1998) ................................................................. 2, 3, 17, 18

*Diamond State Ins. Co. v. Rebel Oil Co.*,
    157 F.R.D. 691 (D. Nev. 1994) ............................................................................ 20

*Dryden v. Nevada*,
    No. 2:16-CV-01227-JAD-EJY, 2021 WL 9217680 (D. Nev. Dec.
    28, 2021) ........................................................................................................... 17, 18

*George Jaramillo, II v. Area 15 Las Vegas, LLC et al.*,
    Case No. 2:21-cv-00891-RFB-BNW (D. Nev. May 6, 2021) ........................... 3

*In re Grand Jury*,
    23 F.4th 1088 (9th Cir. 2021), *cert. granted sub nom. In re Jury*,
    143 S. Ct. 80 (2022), *and cert. dismissed as improvidently granted*,
    No. 21-1397, 2023 WL 349990 (U.S. Jan. 23, 2023) ...................................... 20

*Helping Hand Caregivers Ltd. v. Darden Corp.*,
    No. MC-1600011-BRO-RAO, 2016 WL 10987313 (C.D. Cal. Feb.
    17, 2016) ........................................................................................................... 15, 16

*Hickman v. Taylor*,
    329 U.S. 495 (1947) .............................................................................................. 20

*Jud. Watch, Inc. v. Valle Del Sol, Inc.*,
    307 F.R.D. 30 (D.D.C.2014) ........................................................................... 15, 16

*Molina v. City of Visalia*,
    No. 1:13-CV-01991-LJO, 2015 WL 5193584 (E.D. Cal. Sept. 4,
    2015) .......................................................................................................... 1, 2, 23

*Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*,
    301 F.R.D. 426 (N.D. Cal. 2014) ........................................................................ 15

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

ii

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES
TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

*Music Group Macao Com. Offshore Ltd. v. Does*,
2015 WL 930249 (N.D. Cal. Mar. 2, 2015) ....................................................15

*In re Subpoena to VaughnPerling*,
Case No. 2:19-mc-00083-CAS(Ex), 2019 WL 8012372 (C.D. Cal.
2021) ...................................................................................................................17

*United States v. Adlman*,
68 F.3d 1495 (2d Cir. 1995) ............................................................................21

*United States v. Ruehle*,
583 F.3d 600 (9th Cir. 2009) ....................................................................19, 20

**Other State Cases**

*Exobox Tech. Corp. v. Tsambis*,
No. 2014 WL 4987903 ......................................................................................19

**Federal Statutes and Local Rules**

Fed. R. Civ. P. 26 (b)(1) ...........................................................................................16

Fed. R. Civ. P. 26(b)(5)(A) .......................................................................................20

Fed. R. Civ. P. 34(c) .................................................................................................16

Fed. R. Civ. P. 37 ......................................................................................................16

Fed. R. Civ. P. 37(a)(2) .............................................................................................17

Fed. R. Civ. P. 45 ......................................................................................................16

Fed. R. Civ. P. 45(a)(1)(B)-(D) .................................................................................17

Fed. R. Civ. P. 45(b)(1) ........................................................................................17, 19

Fed. R. Civ. P. 45(c)(1) .........................................................................................17, 19

Fed. R. Civ. P. 45(d)(2)(i) .........................................................................................17

Fed. R. Civ. P. 45(d)(2)(B) ..........................................................................................2

Fed. R. Civ. P. 45(d)(2)(B)-(3) .................................................................................17

Fed. R. Civ. P. 45(d)(3) .........................................................................................2, 17

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

iii

CASE NO. 8:23:mc-0004

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES
TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

Fed. R. Civ. P. 45(e) .............................................................................................17

Fed. R. Civ. P. 45(f).............................................................................................15

Fed. R. Civ. P. 45(g) ...........................................................................................23

United States District Court, Central District of California,
    Local Rule 37-1 ..............................................................................................14

United States District Court, Central District of California
    Local Rule 37-2 ..............................................................................................14

**Other Authorities**

*Subpoena for the Production of Documents and Things—Quashing or
    Modifying a Subpoena*, 9A FED. PRAC. & PROC. CIV. § 2459
    (3d ed.)...........................................................................................................18

Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PROC.
    BEFORE TRIAL, § 11:2293 (2005 rev.) ...........................................................3, 17

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

"A properly issued subpoena is itself a court order, and a party's noncompliance may warrant contempt sanctions." *Molina v. City of Visalia*, No. 1:13-CV-01991-LJO, 2015 WL 5193584, at *2 (E.D. Cal. Sept. 4, 2015) (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983) and *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010)). Area 15 LV seeks to enforce two Subpoenas properly issued to the Jaramillos.

As a preliminary matter, the Subpoenas are substantially intertwined with the Nevada Motion to Compel in the Underlying Litigation, which is set to be heard via Zoom by the Nevada District Court on March 9, 2023. The plaintiff in that matter, Jaramillo Jr., has produced next to nothing in a lawsuit he brought, alleging serious and devastating claims of discrimination against not only his former employer, but also against a number of individuals and corporate entities. The Nevada District Court already dismissed many of the claims and found no jurisdiction over several of the Defendants, but did so without prejudice. Jaramillo Jr. then filed an Amended Complaint against all of the same parties, alleging all of the same claims, without curing the many deficiencies. Second, Motions to Dismiss have been fully briefed and have now been set for argument on March 10, 2023. Discovery has continued, but Jaramillo Jr. refuses production based, in large part, on bogus claims of attorney-client and work-product privileges. Indeed, Jaramillo Jr. asserts these privileges to withhold documents and communications exchanged with his parents, the Jaramillos, based solely on their employment with attorney Edwin Brown ("**Attorney Brown**"), Jaramillo Jr.'s counsel in the Underlying Action, despite the fact that Jaramillo Jr. testified he sent notes to his parents *before* he ever contemplated retaining Attorney Brown or initiating the Underlying Litigation. Jaramillo Jr. retained Attorney Brown in the Underlying Litigation on September 24, 2020, and takes the position that any documents or communications exchanged

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

with his parents about *any* subject matter and at *any* time are privileged. This position is not only wrong, but it also purposefully obstructs the discovery process. And so, the Nevada Motion to Compel seeks to resolve this dispute. Because the instant Motion will require resolution of the exact same issue, the interests of justice and judicial economy would best be served by transferring the Motion to the District of Nevada to ensure a consistency of rulings.

The Jaramillos will not be burdened by such a transfer. They have substantial ties to the Underlying Litigation and Nevada itself: (1) they have a home in Las Vegas, Nevada and (2) they are the parents of the plaintiff in the Underlying Litigation in Nevada. But even if traveling to Nevada was arguably burdensome to the Jaramillos, the presiding magistrate judge in the Underlying Litigation holds her hearings by Zoom so the Jaramillos could appear remotely if they do not choose to travel to their Las Vegas home. These exceptional circumstances weigh in favor of allowing the Nevada District Court to resolve the Motion alongside the overlapping Nevada Motion to Compel.

Regardless of whether this Motion is adjudicated in California or Nevada, the Subpoenas are court orders that must be enforced. *See Molina*, 2015 WL 5193584, at *2. The Subpoenas were properly issued and personally served on Mr. Jaramillo on December 22, 2022, and on Mrs. Jaramillo—despite several efforts to evade service—on January 9, 2023. They commanded the Jaramillos to produce certain documents to Area 15 LV by email or by personal appearance at a location within 100-miles from their home and workplace. The Jaramillos failed to object to the Subpoenas within 14 days under FRCP 45(d)(2)(B), failed to move to quash the Subpoenas under FRCP 45(d)(3), and failed to contact Area 15 LV regarding the Subpoenas at all. Rather the Jaramillos entirely disregarded the Subpoenas.

The Jaramillos' opportunity to object to or comply with the Subpoenas has expired. Their compliance or objections were required by January 19, 2023. The Jaramillos have therefore waived any opportunity to challenge the Subpoenas. *In re*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

2

CASE NO. 8:23:mc-0004

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

*DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL, § 11:2293 (2005 rev.). But, to be sure, it is anticipated that the Jaramillos will attempt to raise an untimely objection based on the privilege dispute identified above. Not only do the Jaramillos lack standing to assert the objection on behalf of Jaramillo Jr., the privileges do not apply to the documents and communications sought. The Subpoenas primarily seek documents and communications that either: (1) were exchanged between the Jaramillos and Jaramillo Jr. well before Jaramillo Jr. retained Attorney Brown—or even contemplated the Underlying Litigation; or (2) clearly fall outside of the scope of the privileges as they seek documents that neither seek nor give legal advice, but instead, documents that purportedly evidence facts to which Jaramillo Jr. testified in his deposition or squarely placed at issue in his Amended Complaint. Area 15 LV therefore moves for an order enforcing the Subpoenas and requiring the Jaramillos to show cause for their failure to respond in any manner set forth in FRCP 45.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Jaramillo Jr. Initiates the Underlying Litigation in Nevada.

Jaramillo Jr. sued Area 15 LV and its co-defendants in Nevada in May 2021, alleging serious claims for discrimination based on race and sexual orientation, and other unmeritorious claims, such as fraud and defamation.[1] Essentially, Jaramillo Jr. alleges that he was recruited to work for Area 15 LV, promised substantial pay and scheduled pay increases, and was subsequently fired under false pretenses for attempting to complain about race and sexual orientation discrimination.[2]

---

[1] Decl. of Travis F. Chance, Esq. ("Chance Decl."), ¶ 5, attached as **Exhibit 1**; *see also George Jaramillo, II v. Area 15 Las Vegas, LLC et al.*, Case No. 2:21-cv-00891-RFB-BNW (D. Nev. May 6, 2021) (herein, "Underlying Litigation") at Am. Compl., ECF No. 69 (June 27, 2022), attached as **Exhibit 2.**

[2] Ex. 1, Chance Decl., ¶ 5; *see also* Ex. 2, Am. Compl., *generally*.

NOTICE OF MOTION AND MOTION (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

## B.    Jaramillo Jr. Stonewalls Area 15 LV's Discovery Efforts

Jaramillo Jr. served 1,671 written discovery requests on Area 15 LV and its co-defendants in the Underlying Litigation. Defendants complied with their discovery obligations in good faith and provided Jaramillo Jr. with more than 100,000 pages of documents, a privilege log for withheld materials, and substantive responses to his discovery requests.[3]

Jaramillo Jr.'s participation in discovery has been just the opposite. Most importantly, he has refused to respond substantively or completely to Area 15 LV's document requests despite having several months and opportunities to do so.[4] He initially responded to the requests with boilerplate objections and virtually no substantive responses, failing to produce even a single responsive document or privilege log.[5] This is remarkable because Jaramillo Jr. asserted boilerplate, blanket objections on the basis of attorney-client and work-product privileges to at least 225 of the 295 requests—including to the requests seeking documents and communications exchanged between himself and his parents, the Jaramillos.[6] And it is even more remarkable given that Jaramillo Jr. has testified to possessing responsive documents, i.e., as handwritten and electronic notes shared with his parents, including by email, which allegedly contain the purported quotes from his pleading and motion papers in the Underlying Litigation.[7]

---

[3]  Ex. 1, Chance Decl., ¶ 7.

[4]  *Id.* ¶¶ 8-9.

[5]  *Id.*; *see also* Underlying Litigation, Area 15 LV's Mot. to Compel, ECF No. 93 (Jan. 23, 2023), attached as **Exhibit 3** (exhibits omitted); Underlying Litigation, Jaramillo Jr.'s Discovery Responses, attached as **Exhibit 4**.

[6]  Ex. 1, Chance Decl., ¶¶ 7-9; *see also, e.g.*, Ex. 4, Jaramillo Jr. Discovery Responses at Requests Nos. 126 and 127 (objecting to the requests on the basis of privilege despite the requests requesting documents and communications exchanged between him and his parents—not his attorney).

[7]  For example, Jaramillo Jr. testified to having documents and communications concerning the alleged wrongful conduct in the Underlying Litigation. *See, e.g.*, Excerpts of George Jaramillo, II Dep. (herein, "Jaramillo Jr. Dep."), attached as **Exhibit 5,** at 191:11-198:11; 261:9–263:24. And he has alleged that the actions giving rise to the Underlying Litigation required him to seek medical treatment. *See, e.g.*, Ex. 2, ECF No. 69, Am. Compl., ¶¶ 99-100. Surely, Jaramillo Jr. has

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

1    Area 15 LV met and conferred with Jaramillo Jr. about his deficient

2    responses multiple times beginning with a lengthy letter on November 3, 2022.[8]

3    While Jaramillo Jr. withdrew his privilege objection to several of Area 15 LV's

4    requests as admittedly inapplicable, he still continues to claim privilege to certain

5    requests.[9]

6    Because Jaramillo Jr. had not provided a privilege log or preserved his

7    privilege objections beyond the boilerplate language in his deficient responses,

8    Area 15 LV moved to compel Jaramillo Jr. in the Underlying Litigation to produce

9    the withheld responsive documents and a privilege log on January 23, 2023.[10] The

10   Nevada Motion to Compel is currently pending before the Nevada District Court

11   with a hearing set for March 9, 2023 via Zoom.[11] To resolve the Nevada Motion to

12   Compel, the Nevada District Court must necessarily decide whether Jaramillo Jr.'s

13   privilege objections are meritorious—including those asserted in reference to

14   documents and communications exchanged with his parents—and, if so, the date

15   the privilege attached to communications and documents at issue.[12]

16   Only after Area 15 LV filed the Nevada Motion to Compel, Jaramillo Jr.

17   attempted to supplement his discovery responses on January 26, 2023, and provided

18   a privilege log for the first time on January 30, 2023.[13] But his supplemental

19   responses remain deficient. He still has not produced documents that he has

20   testified to having or that he indisputably has the right to obtain (e.g. medical

21

22

---

23   control over his medical records that would support such allegations. Yet he has never produced any such records. Ex. 1, Chance Decl., ¶¶ 14, 16.

24   [8]  Ex. 1, Chance Decl., ¶¶ 10-12; *see also* Meet and Confer Letter, dated Nov. 14, 2022, attached as **Exhibit 6**; Response Letter to Meet and Confer Letter, dated Nov.

25   18, 2022, attached as **Exhibit 7**; Email Thread, attached as **Exhibit 8**.

26   [9]  Ex. 1, Chance Decl., ¶ 11; *see also* Ex. 8, Email Chain, at 447.
     [10]  Ex. 3, Nevada Mot. to Compel.

27   [11]  Underlying Litigation, Min. Order (Jan. 24, 2023), ECF No. 94, attached as **Exhibit 9.**

28   [12]  Ex. 1, Chance Decl., ¶ 13; *see also* Ex. 3, Nevada Motion to Compel.
     [13]  Ex. 1, Chance Decl., ¶¶ 14-15.

CASE NO. 8:23-mc-0004

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES
TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

1 records).[14]

2      Further, the newly provided privilege log is also deficient. It does not cover

3 any communications between Jaramillo Jr. and Mrs. Jaramillo.[15] It also does not

4 cover any of the draft emails that Jaramillo Jr. saved to his email account.[16] And it

5 covers only communications exchanged between Jaramillo Jr. and Mr. Jaramillo

6 from July 10, 2020 to August 25, 2020, summarily claiming privilege on the basis

7 of attorney-work product.[17] Notably, the time period is **prior to** September 24,

8 2020, meaning the communications cover a time period during which Jaramillo Jr.

9 was not contemplating litigation per his own testimony and cover communications

10 exchanged prior to the date that Jaramillo Jr. retained (or thought about retaining)

11 Attorney Brown for the Underlying Litigation.[18]

12      The reality is that Jaramillo Jr. cannot produce a meritorious privilege log to

13 support his ongoing, boilerplate privilege objections. Jaramillo Jr. explicitly

14 testified that he did not retain or even consider retaining Attorney Brown until

15 September 24, 2020.[19] Area 15 LV's discovery requests seek documents from as

16 early as 2012—well before Jaramillo Jr. became involved with Area 15 LV in 2019

17 and before the alleged wrongful conduct occurred in 2020.[20] The Underlying

18 Litigation could not possibly have been contemplated until thereafter, and so no

19

20 [14] *Id.*, ¶ 14; *see also* Ex. 5, Jaramillo Jr. Dep., at 191:11-198:11; 249:11-251:14; 261:9–263:24.

21 [15] Ex. 1, Chance Decl., ¶ 15.

[16] *Id.*

22 [17] *Id.* Curiously, the privilege log includes a designated column of "Persons with Access." *Id.* This column lists Attorney Brown for nearly every document withheld,

23 seemingly claiming privilege over communications exchanged prior to Attorney Brown being retained on the basis of him having access to the documents after the

24 fact. *Id.*

[18] *Id.*; *see also* Ex. 5, Jaramillo Jr. Dep., at 191:11-198:11; 261:9–263:24; 265:2-4.

25 [19] Ex. 5, Jaramillo Jr. Dep., at 192:17-199:5; 264:19-266:6; *see also* email from George Jaramillo, II, dated Sept. 23, 2020, attached as **Exhibit 10** ("I just received

26 an email from your attorney. It is not my wish to engage attorneys. It is my wish to resolve this amicably. I am also not equipped to deal with attorneys, as I am not

27 one, and do not want to have to hire one.").

[20] *See, e.g.*, Ex. 4, Jaramillo Jr.'s Discovery Responses, Request Nos. 2-6, 29-30,

28 223-225; Ex. 2, Am. Compl., ¶¶ 24, 27, 40; *see also id. generally.*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES
TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

1    privilege could apply to documents before these dates.

2        Moreover, Area 15 LV seeks documents that cannot fall under the asserted
3    privileges based on their nature, regardless of when they are dated. The sought-after
4    documents neither seek nor give legal advice. Instead, the Subpoenas seek materials
5    that relate to factual testimony. For example, the requests sought, in part,
6    contemporaneous notes that Jaramillo Jr. testified to keeping during his
7    employment with Area 15 LV and to sharing with his parents, often by email,
8    before he ever contemplated litigation.[21] Such documents merely record Jaramillo
9    Jr.'s perception of the alleged wrongdoing. Area 15 LV also seeks documents
10   related to Jaramillo Jr.'s purported expenses while living at the Jaramillos' house in
11   Las Vegas and financial support the Jaramillos may have provided Jaramillo Jr.
12   Certainly such bills, receipts, or checks would not be privileged.

13   ### C.    Area 15 LV Issues Non-Party Subpoenas, Including the Subpoenas to the Jaramillos
14

15       Given that Jaramillo Jr. continues to stonewall discovery in the Underlying
16   Litigation, Area 15 LV was forced to issue several non-party subpoenas under
17   FRCP 45 to obtain discovery relevant to its defenses and Jaramillo Jr.'s claims,[22]
18   including his communications and documents exchanged with his parents.[23]

19       Area 15 LV initially served subpoenas ("**Initial Subpoenas**") on the
20   Jaramillos on December 15, 2022.[24] Because the Jaramillos have a home in Las
21   Vegas, Area 15 LV identified the place of compliance for the Initial Subpoenas to
22   be in Las Vegas.[25] However, with the understanding that the Jaramillos primarily

23

24   [21]  Ex. 5, Jaramillo Jr. Dep., at 191:11-198:11; 261:9–263:24; *see also* Ex. 3, Nevada Mot. to Compel, at 83; *see also* Ex. 6, Meet and Confer Letter, at 433; Ex. 8, Email Chain, at 448, 452, 455 (discussing Requests No. 126).
25
26   [22]  For example, because Jaramillo Jr. refused to provide his medical records that support his allegations of heart complications as a result of the alleged wrongful conduct, Area 15 LV subpoenaed his medical providers. Ex. 1, Chance Decl., ¶ 16.
27   [23]  *Id.*, ¶ 17; *see generally* Ex. 3, Nevada Mot. to Compel.
     [24]  Ex. 1, Chance Decl., ¶ 17.
28   [25]  *Id.* ¶ 18.

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES
TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

live in California, Area 15 LV re-issued Amended Subpoenas (the ones it now seeks to enforce) to ensure that the place of compliance was within 100-miles from their home.[26]

Mr. Jaramillo was served on December 22, 2022.[27] Several attempts were made to serve Mrs. Jaramillo—including attempts where persons were home but refused to answer the door.[28] She was ultimately served at her place of employment, Attorney Brown's office, on January 9, 2023.[29] Notice of the Subpoenas was provided to Attorney Brown on December 19, 2022, prior to the Subpoenas being issued.[30]

The Subpoenas set forth eight requests that seek documents and materials from January 1, 2018, to the present relating to the below categories of information relevant to the Underlying Litigation:[31]

> (1) Jaramillo, Jr.'s employment or purported employment with Area 15 LV or its co-defendants in the Underlying Action;
> (2) Jaramillo, Jr.'s allegations of racial discrimination that he allegedly witnessed, experienced, observed, or otherwise knew about while he was employed with Area 15 LV as described in his Amended Complaint in the Underlying Action;
> (3) Jaramillo, Jr.'s allegations of discrimination based on sexual orientation that he allegedly witnessed, experienced, observed, or otherwise knew about while he was employed with Area 15 LV as described his Amended Complaint in the Underlying Action;
> (4) Jaramillo, Jr.'s allegations of a hostile work environment at Area 15 LV in the Underlying Action;
> (5) Jaramillo, Jr.'s alleged composition notebook that he purportedly maintained during his employment with Area 15 LV, in which he

---

[26] Ex. 1, Chance Decl., ¶ 18; *see also* Subpoena to Produce Documents served on George Jaramillo, I ("Subpoena to Mr. Jaramillo"), dated Dec. 19, 2022, attached as **Exhibit 11**; *see also* Subpoena to Produce Documents served on Lisa Jaramillo ("Subpoena to Mrs. Jaramillo"), dated Dec. 19, 2022, attached as **Exhibit 12**; *see also, e.g.*, Ex. 4, Jaramillo Jr.'s Discovery Responses, at Request Nos. 126 and 127.
[27] Ex. 11, Subpoena to Mr. Jaramillo, at 539.
[28] Ex. 12, Subpoena to Mrs. Jaramillo, at 610.
[29] *Id.* at 608.
[30] Am. Notice of Subpoenas Duces Tecum to Lisa Jaramillo and to George Jaramillo, I, Dec. 19, 2022, attached as **Exhibit 13.**
[31] Ex. 11, Subpoena to Mr. Jaramillo, at 478-484; Ex. 12, Subpoena to Mrs. Jaramillo, at 548-554.

CASE NO. 8:23:mc-0004

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES
TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

allegedly documented instances of mistreatment based on his race or sexual orientation;

(6) Jaramillo Jr.'s allegations of emotional and physical health conditions;

(7) Jaramillo Jr.'s intent to file a lawsuit against Area 15 LV or its co-defendants in the Underlying Litigation or suggestions by the Jaramillos that he do so; and,

(8) The Jaramillos' communications with other persons concerning the allegations in Jaramillo Jr.'s Amended Complaint.

Importantly, in relation to the above topics, Jaramillo Jr. testified to keeping contemporaneous notes during his employment with Area 15 LV, which he maintained in two ways. First, he took notes in a "notebook" that he kept in his office. [32] He also maintained notes on his personal computer, "typ[ing] them individually as interactions with the person or group that [the note] related to, and then with the date and time of the interaction and [his] recollection of what happened."[33]  The latter, he sent via email to himself, saved in his email account as a draft, or shared with his parents by email before he ever contemplated litigation.[34]

The Subpoenas also request documents from a wider date range, including:

(1) Documents and communications concerning the ownership or the rental agreements of the home(s) or properties that Jaramillo Jr. purports to rent from his parents;

(2) Documents and communications concerning Jaramillo Jr.'s inability to pay rent or other obligations;

(3) Documents and communications concerning the Jaramillos providing financial support, in different manners, to Jaramillo Jr.; and,

(4) The original and copies of a recording Jaramillo alleges to have made when having a conversation with a non-party about his

---

[32]  Ex. 5, Jaramillo Jr. Dep., at 191:11-192:20; 261:6-263:24. Jaramillo Jr. claims that he left the notebook in his office and that it was not returned to him with his other belongings after his termination. Area 15 LV disputes this claim. Further, the claim contradicts Jaramillo Jr.'s testimony, in which he acknowledges that he worked remotely during the pandemic and used his notebook at his home office. *Id.* at 191:11-192:6.

[33]  *Id.* at 192:1-20.

[34]  *Id.* at 191:11-198:11; 261:9–263:24.

9

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

termination from Area 15 LV.[35]

The Subpoenas also seek documents and communications exchanged between the Jaramillos and Attorney Brown during distinct time periods,[36] which periods were designed to separate materials generated before and after the date Jaramillo Jr. purportedly retained Attorney Brown in the Underlying Litigation.[37] Area 15 LV designed its requests in this manner with the privilege issue in mind.[38] A claim of privilege cannot be asserted over the earlier distinct time period given that litigation was not even being contemplated, thereby limiting any claims of privilege—if raised by Jaramillo Jr.—to the requests falling within the later distinct time period. In other words, if Jaramillo Jr. moved for a protective order, he could only assert his theory of privileges to the requests falling within the later distinct time period.

Lastly, the Subpoenas also asked the Jaramillos to provide documents sufficient to demonstrate the Jaramillos' employment relationships and roles with Attorney Brown.[39]

The Jaramillos were obligated to comply with the Subpoenas in one of two ways: (1) by producing documents via email no later than January 9, 2023[40]; or (2) appearing in person at the undersigned's offices at 2049 Century Park East, Ste.

---

[35]   Ex. 11, Subpoena to Mr. Jaramillo, at 478-484; Ex. 12, Subpoena to Mrs. Jaramillo, at 554-548.
[36]   Ex. 11, Subpoena to Mr. Jaramillo, at 483; Ex. 12, Subpoena to Mrs. Jaramillo, at 553.
[37]   Ex. 1, Chance Decl., ¶ 19.
[38]   Id.
[39]   Ex. 11, Subpoena to Mr. Jaramillo, at 484; Ex. 12, Subpoena to Mrs. Jaramillo, at 554.
[40]   Area 15 LV acknowledges that Mrs. Jaramillo was not served with the Subpoena until January 9, 2023. *See* Ex. 12. However, this was a result of Mrs. Jaramillo evading service. *See id.* (detailing service attempts). Further, Mrs. Jaramillo was indisputably aware that Area 15 LV was seeking documents from her given that she was served with the Initial Subpoena on December 15, 2022. *See* Ex. 1, Chance Decl., ¶ 17. Further, she never contacted counsel for Area 15 LV to request additional time to respond to the Subpoena. *Id.* ¶¶ 21, 24.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

CASE NO. 8:23:mc-0004

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

3550, Los Angeles, California 90067, on January 19, 2023.[41] That office is within 100 miles of the Jaramillos' California residence and their place of employment.[42] The Jaramillos failed to comply with either option and have not produced documents to Area 15 LV to date.[43]

### D.    Jaramillo Jr. Opposed Only the Initial Subpoenas

In the Underlying Litigation, Jaramillo Jr. made a half-hearted attempt to quash the **Initial Subpoenas—not the Subpoenas at issue in this Motion**.[44] He argued that the place of compliance was outside of the 100-mile limitation imposed by FRCP 45 and burdensome to the Jaramillos.[45] But Jaramillo Jr. failed to disclose that his parents own a home in Las Vegas, Nevada according to his own testimony.[46] Per that testimony, Area 15 LV issued the Initial Subpoenas for compliance in Nevada.[47] Regardless, the Subpoenas, as amended, call for compliance within 100 miles of the Jaramillos' California home.[48]

Jaramillo Jr. next argued that the corresponding affidavits of service were not completed.[49] He was mistaken. Both the Initial Subpoenas and the Subpoenas at issue in this Motion have accompanying affidavits of service that are fully executed by the process server.[50]

Finally, Jaramillo Jr. argued the Subpoenas sought privileged information.[51]

---

[41] Ex. 11, Subpoena to Mr. Jaramillo, at 471; Ex. 12, Subpoena to Mrs. Jaramillo, at 541.
[42] Ex. 1, Chance Decl., ¶ 18; *see also* Ex. 11, Subpoena to Mr. Jaramillo, at 471; Ex. 12, Subpoena to Mrs. Jaramillo, at 541.
[43] Ex. 1, Chance Decl., ¶¶ 21, 24.
[44] Underlying Litigation at George Jaramillo Jr.'s Mot. to Quash Subpoenas to Produce Docs [and] Decl. of Edwin Brown (hereinafter, "Mot. to Quash"), ECF No. 91 (Jan. 18, 2023), attached as **Exhibit 14.**
[45] *Id.* at 756.
[46] Ex. 5, Jaramillo Jr. Dep., at 25:1-26:6.
[47] Ex. 1, Chance Decl., ¶ 17.
[48] *Id.* ¶ 18. Ex. 11, Subpoena to Mr. Jaramillo, at 471; Ex. 12, Subpoena to Mrs. Jaramillo, at 541.
[49] Ex. 14, Mot. to Quash, at 756.
[50] Ex. 1, Chance Decl., ¶ 17.; Ex. 11, Subpoena to Mr. Jaramillo, at 539; Ex. 12, Subpoena to Mrs. Jaramillo, at 610.
[51] Ex. 14, Mot. to Quash, at 756-757.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

11

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

Notably, Attorney Brown attested that he has employed the Jaramillos for six years, Mrs. Jaramillo "as a legal assistant" and Mr. Jaramillo "as [an] Executive Director" responsible for "interviewing potential new clients for the firm, assisting in the collection of attorney's fees owed the firm, and preparation of status reports for attorneys to review."[52] Based on these positions, the Jaramillos have not acted as counsel in the Underlying Litigation, and they cannot render legal advice or assist in rendering that advice. Mrs. Jaramillo is not an attorney and Mr. Jaramillo was disbarred from practicing in California in 2008.

While the parties to the Underlying Litigation have repeatedly met and conferred on the issue of privilege, they had not met and conferred on the purported procedural defects in the Initial Subpoenas.[53] The Nevada District Court denied Jaramillo Jr.'s motion on that basis.[54]

### E.   Neither the Jaramillos nor Jaramillo Jr. Have Opposed the At-Issue Subpoenas Despite Having Notice or Personal Service

The Jaramillos have not objected to or complied with the Subpoenas.[55] In fact, they have not attempted to contact Area 15 LV's counsel at all.[56] They have failed to do so despite that the Subpoenas, in their amended form, were noticed on Jaramillo Jr. and Attorney Brown.[57]

Further, during a meet-and-confer for the Nevada Motion to Compel, counsel for Area 15 LV explicitly reminded Attorney Brown that Area 15 LV revised the Initial Subpoenas to correct the 100-mile compliance issue and reissued the Subpoenas to the Jaramillos.[58] Indeed, counsel reforwarded the Subpoenas and the

---

[52] *Id.* at 754 ¶ 3.
[53] Ex. 1, Chance Decl., ¶ 22.
[54] *Id.*
[55] *Id.* ¶¶ 21, 24.
[56] *Id.* ¶  20; *see also* Ex. 13.
[57] Second Email Chain, attached as **Exhibit 15.**
[58] Ex. 1, Chance Decl., ¶ 23; Ex. 15, Second Email Chain, at 898.

CASE NO. 8:23:mc-0004

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

Notice thereof to Attorney Brown.[59] Despite this discussion, Attorney Brown never followed up with counsel for Area 15 LV.[60] That said, he has confirmed that he does not represent the Jaramillos with regard to the Subpoenas.[61]

Given that the at-issue Subpoenas require compliance within 100-miles of the Jaramillos' California residence and have completed affidavits of service, Area 15 LV now files this Motion against the Jaramillos. The Jaramillos never objected to the Subpoenas on the basis of privilege, nor did Jaramillo Jr.; he opposed only the Initial Subpoenas.[62] And to the extent this Court may construe Jaramillo Jr.'s objections based on attorney-client and work-product privileges as applicable to the Subpoenas at issue now (even though he has never timely served any such objections), that issue has been exhaustively discussed by counsel in multiple meet-and-confer efforts between the parties in the Underlying Litigation.[63] Those meet-and-confer efforts were a prerequisite for Area 15 LV's filing of the Nevada Motion to Compel, so good cause exists to excuse the parties from conferring further on the same topic. Further, because that dispute remains live and pending for adjudication in the Nevada Motion to Compel, Area 15 LV moves to transfer this Motion to Nevada.

## III. ARGUMENT

Area 15 LV first addresses the facts demonstrating good cause to excuse any further meet and confer efforts with Jaramillo Jr. regarding the privilege dispute to the extent any such requirement exists. Area 15 LV then turns to its request that the Motion be transferred, and finally the merits of the Motion.

---

[59] Ex. 1, Chance Decl., ¶ 23; Ex. 15, Second Email Chain, at 897-898.
[60] Ex. 1, Chance Decl., ¶ 24.
[61] Ex. 1, Chance Decl., ¶ 23; Ex. 15, *see also* Second Email Chain, at 898.
[62] Ex. 1, Chance Decl., ¶¶ 21-22, 24; *compare* Ex. 14, Mot. to Quash, *with* Ex. 11, Subpoena to Mr. Jaramillo, and Ex. 12, Subpoena to Mrs. Jaramillo.
[63] Ex. 1, Chance Decl., ¶¶ 10-14.

NOTICE OF MOTION AND MOTION (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

### A.    Good Cause Exists To Excuse Area 15 LV From Any Further Meet and Confer with Jaramillo Jr.

As a preliminary matter, L.R. 45-1 requires motions relating to discovery subpoenas to comply with L.R. 37 if the motions were served on (a) parties and (b) non-parties represented by counsel. In turn, L.R. 37 requires counsel to, among other things, meet and confer on the disputed issues and file a written stipulation setting forth the outstanding issues. However, the requirements of L.R. 37 may be excused by the Court upon a showing of good cause. L.R. 37-1, 37-2.

Because the Jaramillos are unrepresented non-parties, the conferral requirements of L.R. 45-1 do not apply to them. The requirements should not apply to Jaramillo Jr. either. Jaramillo Jr. received notice of the amended Subpoenas, yet he never objected or moved to quash the amended Subpoenas. Nor has Jaramillo Jr. contacted Area 15 LV to discuss the Subpoenas as amended even after Area 15 LV explicitly reminded him of the Subpoenas during a meet-and-confer discussion.

But to the extent the requirements of L.R. 37 apply *vis a vis* Jaramillo Jr., good cause exists to excuse Area 15 LV from them with regard to this Motion. When Jaramillo Jr. moved to quash the Initial Subpoenas, he did so on three bases. Two of the bases are resolved: the Subpoenas now require compliance within 100-miles of the Jaramillos' California home and the Affidavits of Service are fully completed. Area 15 LV and Jaramillo Jr. have exhausted the meet-and-confer requirement in the Underlying Litigation as to the third bases: the application of any purported privileges. The parties have met-and-conferred repeatedly since November 3, 2022, to resolve the dispute over Jaramillo Jr.'s blanket assertions of privilege over the documents and communications exchanged with his parents. That privilege dispute is live and pending in the Area 15 LV's Nevada Motion to Compel. Because this is the only other basis on which a version of the Subpoenas—not even the Subpoenas as issued—were challenged by anyone, good cause exists to excuse the meet-and-confer requirement to the extent it is required between Area

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

15 LV and Jaramillo Jr. for the purposes of this Motion.

### B. This Court Should Transfer This Motion To The District Of Nevada.

A party may seek to transfer a motion made under Rule 45 from the court where compliance is required to the court where the matter is pending. Fed. R. Civ. P. 45(f); *see also Music Group Macao Com. Offshore Ltd. v. Does*, 2015 WL 930249, *3 (N.D. Cal. Mar. 2, 2015). Whether to do so is within the discretion of this Court. *See Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014).

The party seeking transfer must show that exceptional circumstances justify the transfer. *Id.* "While a prime concern is to avoid burdens on local nonparties subject to subpoenas, this interest of the nonparty in obtaining local resolution of the motion, must be balanced with the interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C.2014) (internal alterations and quotations omitted). Courts routinely find exceptional circumstances where a transfer to the district where the action is pending would "avoid[] the potential for inconsistent rulings[.]" *Helping Hand Caregivers Ltd. v. Darden Corp.*, No. MC-1600011-BRO-RAO, 2016 WL 10987313, at *2 (C.D. Cal. Feb. 17, 2016) (citing *Argento v. Sylvania Lighting Servs. Corp.*, No. 15-CV-1277-JAD, 2015 WL 4918065, at *7 (D. Nev. Aug. 18, 2015) and *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014)).

Exceptional circumstances exist here justifying the transfer of this Motion to the District of Nevada, and there is little burden on the Jaramillos in doing so. The Motion should be transferred to the Nevada District Court for at least three reasons. First, and most importantly, the issue of whether the documents and communications sought by the Subpoenas are privileged is set to be decided by the Nevada District Court via the Nevada Motion to Compel. For this Court to

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

adjudicate the Motion, the Court would need to make a finding on the very same issue. Transfer of the Motion is therefore justified by exceptional circumstances: to avoid the potential for inconsistent rulings on the issue of whether privilege applies to documents and communications exchanged between Jaramillo Jr. and the Jaramillos and, if so, beginning on what date and to what extent. This Court should therefore grant the request that the Motion be transferred to allow for it to be decided by the District of Nevada. *See Helping Hand Caregivers Ltd.*, 2016 WL 10987313, at *2.

Second, the Jaramillos have exceptionally close ties to the Underlying Litigation and to Nevada. The plaintiff in the Underlying Litigation is Jaramillo Jr., their son. Further, the Jaramillos own a home in Las Vegas, Nevada as testified by Jaramillo Jr.

Further, and perhaps most importantly, it has become regular practice for the magistrate judges in the District of Nevada to hold hearings by Zoom. The magistrate judge presiding over the Underlying Action employs this practice, and thus the Jaramillos would not be inconvenienced to appear before the court in Nevada. Accordingly, the balancing of the Jaramillos' interests in a local resolution is therefore outweighed by the interests of ensuring efficient, fair, and orderly progress of the litigation in Nevada. *See Judicial Watch, Inc.*, 307 F.R.D. at 34..

### C.    The Motion Should Be Granted Because the Time for the Jaramillos to Comply or Object Has Passed, the Subpoenas are Valid, and the Information Sought Is Not Privileged

Area 15 LV next turns to its request that the Subpoenas be enforced.

#### 1.    *FRCP 45 Legal Standard*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26 (b)(1). Information may be discoverable regardless of its admissibility. *Id.* And a party may seek the information from parties to the case as well as non-parties. *See* Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45; *see also* Fed. R.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

Civ. P. 37.

Specifically, FRCP 45 permits a party to subpoena a non-party for the production of documents and for a deposition. Fed. R. Civ. P. 45(a)(1)(B)-(D). Typically, a subpoena may command a person to comply with its demands only at a location within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1). To serve the subpoena, a copy must be delivered "to the named person[.]" Fed. R. Civ. P. 45(b)(1).

A person subject to a subpoena must respond to the subpoena in one of two ways. They can either comply with the subpoena, or they can submit objections to the serving party within 14 days of the subpoena being served and then move to quash. Fed. R. Civ. P. 45(e); *id.* 45(d)(2)(B)-(3).

Where objections have been made, "a party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(i); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."). But objections are not necessary to enforce a subpoena; a "[c]ourt may also grant a motion to compel compliance with a Rule 45 subpoena [] where the nonparty has not formally objected but has instead failed to respond." *In re Subpoena to VaughnPerling*, Case No. 2:19-mc-00083-CAS(Ex), 2019 WL 8012372 (C.D. Cal. 2021) (citing *Miranda v. Hokinson*, No. 2:07-cv-0609-JHN-RC, 2008 WL 11337227, at *2 (C.D. Cal. Dec. 12, 2008)). A nonparty's failure to timely make objections to a Rule 45 subpoena *duces tecum* generally requires the court to find that any objections have been waived. *In re DG Acquisition Corp.*, 151 F.3d at 81; Schwarzer, Tashima & Wagstaffe, Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL, § 11:2293 (2005 rev.).

Further, a motion to quash a subpoena under FRCP 45(d)(3) must be timely filed. Such motions are not timely where the compliance date for the subpoena has expired. *Dryden v. Nevada*, No. 2:16-CV-01227-JAD-EJY, 2021 WL 9217680, at

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

*1 (D. Nev. Dec. 28, 2021); *see also § 2459 Subpoena for the Production of Documents and Things—Quashing or Modifying a Subpoena*, 9A FED. PRAC. & PROC. CIV. § 2459 (3d ed.) (stating a motion to quash or modify a subpoena must be "made promptly, and in any event at or before the time specified in the subpoena for compliance" and collecting cases applying this standard).

### 2. The Jaramillos failed to timely object to or comply with the Subpoenas

The Subpoenas were served on Mr. Jaramillo and Mrs. Jaramillo on December 22, 2022 and January 9, 2023, respectively. Mrs. Jaramillo was served at her workplace (Attorney Brown's office) after multiple attempts to deliver the subpoena to her apparently occupied California residence went unanswered. Both Subpoenas required compliance by no later than January 19, 2023, and allowed for a production of documents in lieu of personal appearance on January 9, 2023.

Based on the dates of service and the dates of compliance, the Jaramillos were required to object to the Subpoenas or move to quash the Subpoenas by no later than January 19, 2023. *See Dryden*, 2021 WL 9217680, at *1. Even allowing the Jaramillos 14 days from the date of service, Mr. Jaramillo's objections or Rule 45 motions were due by January 5, 2023, and Mrs. Jaramillo's objections or Rule 45 motions were due by January 23, 2023. Each of these deadlines have passed. But the Jaramillos have neither objected to the Subpoenas nor filed Rule 45 motions.

To be clear, *no one* has challenged the Subpoenas. While Jaramillo Jr. filed a motion to quash in the Nevada District Court, that motion related only to the Initial Subpoenas. Jaramillo never challenged the Subpoenas at issue in this Motion— even after Area 15 LV explicitly brought the Subpoenas to Attorney Brown's attention. Further, the motion to quash has been denied.

Because the Jaramillos failed to timely object to the Subpoenas or file Rule 45 motions, they have waived any such challenges now. *See In re DG Acquisition Corp.*, 151 F.3d at 81. And to the extent they seek to assert the privilege dispute

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

between Area 15 LV and Jaramillo Jr. as a basis for defying the Subpoena, they lack standing to do so. *Exobox Tech. Corp. v. Tsambis*, No. 2014 WL 4987903 ("[A] third party … cannot assert the attorney-client privilege to avoid disclosure" because the right to do so "belongs to the attorney's client" only) (citing *Chirac v. Reinicker*, 24 U.S. 280 (1826) and *United States v. Fortna*, 796 F.2d 724, 732 (5th Cir. 1986) (stating that the attorney-client privilege cannot be asserted vicariously)). The Court should require the Jaramillos to comply with the Subpoenas as issued.

### 3.    The Subpoenas are valid

In addition to the lack of any objection or Rule 45 motion by the Jaramillos, the Subpoenas must be enforced because they are valid. While Jaramillo Jr. previously challenged the Initial Subpoenas for requiring compliance at a location beyond 100-miles from the Jaramillos' residence and for lacking completed affidavits of service, those alleged defects are not present in the Subpoenas at issue in this Motion. The Subpoenas require compliance at a law office approximately 70 miles from the Jaramillos' home or place of employment. The place of compliance therefore falls within the limitations set by FRCP 45(c)(1).

Additionally, the Subpoenas were personally served on the Jaramillos in compliance with FRCP 45(b)(1). The completed affidavits of service attest to the same, indicating the dates that service was attempted and eventually completed. Area 15 LV also noticed the parties in the Underlying Litigation of the Subpoenas prior to their issuance. Accordingly, the Subpoenas are procedurally proper.

### 4.    The information sought via the Subpoenas is not privileged

The Subpoenas are also valid because they seek relevant, nonprivileged information. "'The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice ... as well as an attorney's advice in response to such disclosures.'" *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citation omitted). Courts generally consider "an eight-part test [to] determine whether information is covered by the attorney-client privilege":

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* (quotation marks and citation omitted). However, as recently clarified by the Ninth Circuit, the attorney-client privilege only applies where "the primary purpose of the communication is to give or receive legal advice[.]" *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021), *cert. granted sub nom. In re Jury*, 143 S. Ct. 80 (2022), *and cert. dismissed as improvidently granted*, No. 21-1397, 2023 WL 349990 (U.S. Jan. 23, 2023).

"The work-product rule is not a privilege but an immunity protecting, from discovery, documents and tangible things prepared by a party or its representative in anticipation of litigation." *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698 (D. Nev. 1994). But the work-product doctrine is not absolute, and it does not protect underlying facts from disclosure. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947). And to apply, the materials are protected only "when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation." *In re Grand Jury*, 23 F.4th at 1092.

A party may withhold documents based on attorney-client or work-product privilege if they "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *Diamond State Ins. Co.*, 157 F.R.D. at 698 (providing that a privilege log "identifies (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the documents or informed of its

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

substance, and (e) the date the document was generated, prepared, or dated"). The Ninth Circuit has confirmed that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1147-49 (9th Cir. 2005). The party claiming privilege "has the burden of establishing all the essential elements." *United States v. Adlman*, 68 F.3d 1495, 1500 (2d Cir. 1995).

While it is anticipated that the Jaramillos will oppose this Motion by asserting the documents sought fall under the attorney-client or work-product privilege, they do not have standing to assert the privilege on behalf of Jaramillo Jr. Further, the sought-after discovery is neither privileged nor protectable on these theories. Most of the documents and communications occurring between the Jaramillos and their son occurred *before* Jaramillo Jr. ever even thought about hiring a lawyer for purposes of the Underlying Litigation—as Jaramillo Jr. testified in his deposition. Indeed, not only did Jaramillo Jr. admit that he did not retain Attorney Brown until sometime after September 23, 2020 and that he had not considered retaining counsel for purposes of the Underlying Litigation at that time, he expressly stated in writing that he did not want to hire counsel and testified that maintained notes on his computer detailing "the date and time of the [at-issue] interactions and [his] recollection of what happened," which he shared with the Jaramillos by email.[64] Thus, pre-September 23, 2020 communications between the Jaramillos and Jaramillo Jr. cannot be privileged.

This is a critical point because Jaramillo Jr.'s pleadings in the Underlying Litigation are littered with quotations presumably pulled from his notes that he testified he took while employed by Area 15 LV and shared with his parents. He specifically testified that most of his "notes" were actually emails that he sent to his

---

[64] Ex. 5, Jaramillo Jr. Dep., at 192:1-194:8.

CASE NO. 8:23:mc-0004

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

parents. Given that the quotes all relate to statements allegedly made and memorialized in emails by Jaramillo Jr. prior to his termination, and hence well before his retention of legal counsel, those communications and documents are discoverable and not subject to the privileges claimed by Jaramillo Jr.

Moreover, Area 15 LV seeks documents that cannot fall under the asserted privileges regardless of the dates of the documents or communication. Even though Attorney Brown employs the Jaramillos, the Subpoenas do not seek documents and communications that seek or give legal advice. They instead seek materials that support—or contradict—the factual allegations made by Jaramillo Jr. in his complaint, his pleadings, and his deposition in the Underlying Litigation. For example, the Subpoenas seek documents or communications concerning: property rental agreements between the Jaramillos and Jaramillo Jr.; Jaramillo Jr.'s financial status, e.g., his ability to afford his rental obligations to the Jaramillos; financial support given to Jaramillo Jr. by the Jaramillos; information about Jaramillo Jr.'s employment prior to that with Area 15 LV; Jaramillo Jr.'s health condition; and the emails Jaramillo Jr. shared with his parents prior to retaining Attorney Brown. These subject matters fall outside of the scope of the privilege, and the documents are therefore discoverable.

At the very least, any assertions of privilege should have been accompanied by a privilege log. To date, Jaramillo Jr. provides an incomplete log, at best, despite Attorney Brown promising multiple times to provide a log for the documents Jaramillo Jr. testified to having. The time for providing an adequate log has long expired. So even if the Jaramillos could have raised an objection on the basis of privilege—which they cannot because they lack standing to assert the privilege—they waived the opportunity to do so. The Subpoenas should be enforced accordingly.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

### D.    The Court Should Order the Jaramillos to Show Cause For Why They Should Not Be Held in Contempt

The Jaramillos should be required to explain why they completely disregarded their obligations under the Subpoenas. A district court "may hold in contempt a person who, having been served, fails without adequate excuse to obey [a Rule 45] subpoena or an order related to it." Fed. R. Civ. P. 45(g). "A properly issued subpoena is itself a court order and a party's noncompliance may warrant contempt sanctions." *Molina*, 2015 WL 5193584, at *2 (citing *Pennwalt Corp.*, 708 F.2d at 494 n. 5 and *U.S. S.E.C.*, 621 F.3d at 693)). A party moving for contempt must show by clear and convincing evidence that the "contemnor" violated a clear and specific court order. *Id.* (citing *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012)).

Mr. Jaramillo and Mrs. Jaramillo were served with the Subpoenas on December 22, 2022 and January 9, 2023, respectively. They also had notice of the information sought by the Subpoenas given the original Initial Subpoenas having been served on the Jaramillos on December 15, 2023. Both the Subpoenas at issue and the Initial Subpoenas contain the same requests for production. Yet, despite having over a month of time to produce responsive documents, to object to the subpoenas, or to file a Rule 45 motion, the Jaramillos instead opted to not respond at all. They should be required to explain their inaction, especially in light of their work at a law office where such matters are better understood than by a typical layperson and Mr. Jaramillo's training and experience as a practicing, now disbarred lawyer. Simply put, the Subpoenas are court orders, and the Jaramillos completely flouted those court orders. They should be ordered to cause for why they should not be held in contempt.

## IV.    CONCLUSION

For these reasons, Area 15 LV respectfully requests that (1) the Motion be transferred to the Nevada District Court; (2) the Jaramillos be ordered to comply

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

1   with the Subpoenas within 10 days of the entry of the Court's order granting the

2   Motion; and (3) the Jaramillos be ordered to show cause as to why they should not

3   be held in contempt for their noncompliance to date.

4          The undersigned, counsel of record for Area 15 LV, certifies that this brief

5   contains 6,702 words, which complies with the word limit of L.R. 11-6.1.

6          DATED this 31st day of January, 2023.

7                                  BROWNSTEIN HYATT FARBER SCHRECK, LLP

8

9          BY:  /s/ Travis F. Chance
10             TRAVIS F. CHANCE, Bar No. 303566
               EMILY L. DYER, Bar No. 321707
11             Attorneys for Movant
               AREA 15 LAS VEGAS LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES
TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

# INDEX OF EXHIBITS

| Exhibit No. | Document Description | Page Nos. |
|---|---|---|
| 1 | Declaration of Attorney Travis F. Chance, Esq | 26-33 |
| 2 | George Jaramillo, II's Amended Complaint in Underlying Litigation | 34-67 |
| 3 | Area 15 LV's Nevada Motion to Compel | 68-169 |
| 4 | Jaramillo Jr.'s Discovery Responses in Underlying Litigation | 170-373 |
| 5 | Jaramillo Jr.'s Deposition Excerpts in Underlying Litigation | 374-423 |
| 6 | November 14, 2022 Meet and Confer Letter from Attorney Travis F. Chance Esq. | 424-441 |
| 7 | November 18, 2022 Response Letter from Attorney Edwin Brown | 442-445 |
| 8 | First Email Chain Between Attorney Travis Chance and Attorney Edwin Brown (and others) | 446-464 |
| 9 | Nevada District Court's Jan. 24, 2023 Minute Order | 465-467 |
| 10 | Jaramillo Jr.'s September 24, 2020 email | 468-469 |
| 11 | Subpoena Duces Tecum to George Jaramillo, I | 470-539 |
| 12 | Subpoena Duces Tecum to Lisa Jaramillo | 540-610 |
| 13 | Notice of Amended Subpoenas | 611-750 |
| 14 | Jaramillo Jr.'s Motion to Quash the Initial Subpoenas in the Underlying Action | 751-895 |
| 15 | Second Email Chain Between Attorney Travis Chance and Attorney Edwin Brown (and others) | 896-899 |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3550
310.500.4600

CASE NO. 8:23:mc-0004

NOTICE OF MOTION AND MOTION  (1) TO ENFORCE SUBPOENAS DUCES TECUM IN A CIVIL CASE TO GEORGE JARAMILLO, I AND TO LISA JARAMILLO etc.